UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE D. HILL,

    Petitioner,

v.

    CIVIL NO. 2:19-CV-11336
    HONORABLE PAUL D. BORMAN
    UNITED STATES DISTRICT COURT

RANDEE REWERTS,

    Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Jermaine D. Hill, ("Petitioner"), confined at the Alger Correctional Facility in Munising, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree murder, Mich. Comp. Laws § 750.316, assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b. Respondent filed a motion to dismiss the petition, on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). For the reasons stated below, the petition for a writ of habeas corpus is summarily denied with prejudice.

## I. BACKGROUND

Petitioner was convicted following a jury trial in the Detroit Recorder's Court.

Direct review of petitioner's conviction ended in the state courts on December 30, 1998, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Hill,* 459 Mich. 933, 615 N.W. 2d 735 (1998).

Petitioner filed a post-conviction motion for relief from judgment with the state trial court on January 27, 2017. (See ECF No. 9-1, Page ID 73). After the trial court and the Michigan Court of Appeals denied petitioner post-conviction relief, collateral review of petitioner's conviction ended in the Michigan courts on October 30, 2018, when the Michigan Supreme Court denied petitioner leave to appeal the denial of his post-conviction motion. *People v. Hill,* 503 Mich. 887, 919 N.W. 2d 261 (2018).

On April 30, 2019, petitioner filed his habeas petition with this Court. [1]

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on April 30, 2019, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

## II. DISCUSSION

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *See also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009).

The Michigan Supreme Court denied petitioner's application for leave to appeal on December 30, 1998. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not start running on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment became final on March 30, 1999, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than March 30, 2000 in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

Petitioner filed a post-conviction motion with the state courts on January 27, 2017, after the one year limitations period expired. A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. *See*

4

*Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n. 1 (6th Cir. 2002). The petition is untimely.

Petitioner argues that his petition is timely because it is based on a retroactive change in the law. Petitioner alleges that his sentence for life imprisonment without parole violates the Supreme Court's decision in *Miller v. Alabama,* 567 U.S. 640, 645 (2012), in which the Supreme Court held that a mandatory sentence of life imprisonment without parole for defendants who were under 18 years old when they committed their crimes violates the Eighth Amendment. Although petitioner was nineteen years old when he committed the murder for which he received a non-parolable life sentence, petitioner argues that the holding in *Miller* should be extended to a defendant like himself who was on juvenile probation for another offense, and thus under the jurisdiction of the juvenile court, at the time that he committed the murder. Petitioner further argues that the one year limitations period did not commence until 2016, when the Supreme Court in *Montgomery v. Louisiana,* 136 S. Ct. 718, 734 (2016) held that *Miller* should be applied retroactively.

28 U.S.C. § 2244(d)(1)(C) indicates that the one year limitations period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." A

federal district court has the ability to determine whether a newly recognized right has been made retroactively applicable to cases on collateral review, for purposes of this section or 28 U.S.C. § 2255 ¶ (3), the analogous provision of the statute of limitations for federal motions to vacate sentence. *See Wiegand v. United States*, 380 F. 3d 890, 892-93 (6th Cir. 2004).

The Supreme Court's holding in *Miller* is inapplicable to petitioner's case because petitioner was nineteen years old at the time that he murdered the victim and *Miller* only invalidated mandatory non-parolable life sentences for persons who committed their offense before they turned eighteen years old. The express language of 28 U.S.C. § 2244(d)(1)(C) and its counterpart in 28 U.S.C. § 2255 ¶ (3) is limited "to decisions of the Supreme Court in which new rights are recognized and explicitly made retroactive to cases on collateral review." *Nichols v. United States*, 285 F.3d 445, 447 (6th Cir. 2002). Because petitioner can point to no Supreme Court decision which retroactively invalidates mandatory non-parolable life sentences for persons who committed their offense when they were nineteen years old, petitioner cannot delay the running of the limitations period. *Id.*

Moreover, assuming that *Miller* somehow invalidated petitioner's sentence, the instant petition is still untimely. The one-year limitation period for filing a petition for writ of habeas corpus or a motion to vacate sentence based on a right that was newly recognized by the Supreme Court runs from the date on which the

Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *See Dodd v. United States*, 545 U.S. 353, 358 (2005). Pursuant to § 2244(d)(1)(C), the one year statute of limitations began running from June 25, 2012, when the Supreme Court decided *Miller,* and not from the date of the decision in *Montgomery*, which held *Miller* to be retroactive. *See Malvo v. Mathena*, 259 F. Supp. 3d 321, 330 (D. Md. 2017). Petitioner therefore had until June 25, 2013 to timely file his habeas petition or to file his post-conviction motion for relief from judgment to toll the limitations period. Because petitioner did not file his post-conviction motion for relief from judgment until January 27, 2017, after the limitations period had expired, the instant petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner is not entitled to equitable tolling of the one year limitations period, because he failed to argue or show that the facts of case support equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005).

## III. CONCLUSION

Based on the foregoing analysis, the Court concludes that petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the

petition. Accordingly, the Court summarily dismisses with prejudice the petition for writ of habeas corpus.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. Accordingly, the Court denies a certificate of appealability. The Court also denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

**IV. ORDER**

Accordingly, the Court **SUMMARILY DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

Dated: January 16, 2020                  s/Paul D. Borman
                                                            Paul D. Borman
                                                            United States District Judge